UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | USDC No. 22-cr-41-01 (APM) |
| | ) | |
| Paul Lee Seymour, Jr.,        *defendant*. | ) | |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant, through undersigned counsel Nathan I. Silver, II, Esq., appointed by this Court under the Criminal Justice Act, submits this memorandum to aid at sentencing on November 4, 2022 at 1 o'clock p.m. when he appears before the Court for his sentencing hearing.[1]

1.  The defendant was arrested on Dec. 6, 2021, in Cincinnati, Ohio in the instant case. On January 18, 2022, he made his initial appearance by teleconference before Mag. Judge G. Michael Harvey.   The defendant was charged in a criminal complaint with four misdemeanor offenses resulting from his involvement in the Capitol Hill protests of January 6, 2021: (a) Entering and Remaining in a Restricted Building (Count One), in violation of 18 U.S.C. §1752(a)(1); (b) Disorderly and Disruptive Conduct Which Impedes the Conduct of Government Business, in violation of 18 U.S.C. §1752(a)(2); (c) Disruptive Conduct in the  Capitol Buildings,  in violation of 40 U.S.C. 5104(e)(2)(D), and (d) Demonstrating, Picketing or Parading in a Capitol Building, in violation of 40 U.S.C. 5105(e)(2)(G) ("Demonstrating"). He was released on his own recognizance, subject to standard conditions imposed by the Court. (*See* ECF Doc. 9, "Order Setting Conditions of Release," Jan. 18, 2022)  He has complied with

---

[1] Defendant filed a Notice of Waiver of In-Person Hearing on Sept. 20, 2022 and anticipates appearing by videoteleconference (VTC). (ECF Doc. 29)

those conditions, with no evidence of infractions during the time between his release and current date.

3.   On July 20, 2022, per a Plea Agreement with the United States, the defendant entered a plea of guilty to Demonstrating, a petty offense which carries a maximum sentence up to six (6) months imprisonment, a fine of up to $5,000, a term of probation not to exceed five (5) years and a $10 special assessment.  As a petty offense, the U.S. Sentencing Guidelines do not apply. (Presentence Investigation Report ("PSI"), page 8, ¶26)  The defendant agreed to pay $500.00 in restitution toward defraying the cost of repairing damage to the U.S. Capitol, repairs which were necessary after the riot.

4.   Defendant and his counsel have reviewed the final PSI and have no objections.[2]  The defendant and his counsel have also reviewed the U.S. Probation Office's Sentencing Recommendation (ECF Doc. 32, filed Oct. 14, 2022), which recommends a period of one (1) year probation; one hundred (100) hours of community service; no term of custody or incarceration; $500.00 (five-hundred dollars), and a $10 special assessment.

5.   While in the Capitol or on its grounds, the defendant did not commit any violent or destructive act, either to persons or property.  The PSI further notes that there does not appear to be evidence of managerial authority over others (page 6, ¶17); reports the defendant as being inside the Capitol for approximately 24 minutes, from 3:09 to 3:33 p.m.; posing with his father

---

[2] Through an oversight, counsel neglected to provide the defendant with a copy of the Draft PSI. However, on Oct. 14, 2022, when the final PSI and Sentencing Recommendation were filed with the Court, counsel provided both to the defendant.  The defendant has not registered any objections with counsel to convey to either U.S. Probation or to the Court.

(codefendant Paul Lee Seymour, Sr.) for a photograph before a statue of Robert E. Lee while

there (page 5, ¶15); and leaving the building, without resisting, when asked to do so.[3]

6. Apart from a few scrapes with the law[4], since 2013 the defendant has been a

hard-working citizen throughout his adult life.   He had hoped to become a barber and was

enrolled in barber school, but he did not have the means with which to complete the program and

obtain his license.  (*See* PSI, page 11, ¶42)  He currently works as a landscaper, having acquired

his skill through on-the-job training. (Id.)

7. Under 18 U.S.C. §3553(a) the following factors: (a) Factors To Be Considered in

Imposing a Sentence. - The court shall impose a sentence sufficient, but not greater than

necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in

determining the particular sentence to be imposed, shall consider - (1) the nature and

circumstances of the offense and the history and characteristics of the defendant; (2) the need for

the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the

law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal

conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the

defendant with needed educational or vocational training, medical care, or other correctional

treatment in the most effective manner….

8.  A period of probation, in lieu of incarceration,  would satisfy the "need for the

sentence…to reflect the seriousness of the offense, promote respect for the law, and provide just

---

[3] Both the PSI (id,) and the Statement of Offense (page 5, ¶14)  record that the defendant was escorted from the building. The defendant does not recall actually being escorted but knows he was asked to leave and followed the instructions of the officers.

[4] Underage drinking (2008 - age 19); Drug Paraphernalia (2013 - age 24), and Physical Control (2021 - age 32). (*See* PSI, pages 7-8, ¶¶23-25)

punishment for the offense." During this time, the defendant would be answerable to the U.S.

Probation Office. He would be subject to the jurisdiction of the Court, knowing that any

infraction could lead to revocation of the probationary term, with incarceration to follow. Such a

term would at the same time provide deterrence specific to the defendant, operating as a

disincentive to further criminal behavior.

9.  A term of probation would also deter generally.  The public is aware, from the

comprehensive coverage of the January 6 events and the arrests that followed, of the serious

efforts the government has made to prosecute persons involved with the protests and, in many

cases, the violence that was perpetrated.  These cases, from beginning to end, have been watched

very closely by the press where defendants live, so the public will be aware of the defendant's

responsibility for his conduct.  That can serve to deter others in the future in similar situations.

10.  The defendant submits that a probationary term would satisfy the various §3553

factors.  The Court may also impose, and the defendant is amenable to a requirement of

community service, one hundred (100) hours of which the U.S. Probation Office recommends as

a component of the sentence.   Last, in the event that this Court believes that incarceration, not

probation, is appropriate, the defendant requests that the Court permit him to serve his time in

home confinement, with an exception for employment outside the home.

11. Finally, the U.S. Probation Office has recommended a sentence of twelve (12) months

(1 year) probation, with no period of incarceration. Its recommendation is "(b)ased on the

defendant's limited criminal history and lack of evidence that he published anything on social

media, intimidated any law enforcement officers, or caused any damages while inside the United

States Capitol…." (ECF Doc. 33, page 2)  It further notes that "he is compliant with the

conditions of release,"[5] (Id., page 3) and concludes that a one-year period of probation will serve

the sentencing factors found in 18 U.S.C. §3553(a)(2)(A) through (C). (Id, page 2)

  For all the reasons noted above, the defendant respectfully requests a sentence of

probation on the terms recommended by the U.S. Probation Office.

   This pleading is,

Respectfully submitted,

/s/

NATHAN I. SILVER, II
Unified Bar #944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
email: nisquire@aol.com

CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on
Anita Eve, Esq., USAO-U.S. Attorney's Office (PA), 615 Chestnut Street,Philadelphia, PA
19106, this 24th day of October, 2022.

/s/

_____

*Nathan I. Silver, II*

---

[5] In the context of whether or not he would be a good candidate for voluntary surrender. (Id., page 3)